IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19-cr-00936 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| CARMELO FONSECA, JR. | ) | |

**ORDER**

Defendant's motion to quash warrant and for *Franks* hearing [124] is denied. See the accompanying Statement for details.

**STATEMENT**

Defendant Carmelo Fonseca Jr. has been charged by superseding indictment with eight counts related to the manufacture and distribution of child pornography. (Dkt. No. 111.) While investigating the alleged offenses, the Government obtained a warrant authorizing the search of Fonseca's residence. (Def.'s Mot. to Quash or for *Franks* Hearing, Ex. 2 ("Warrant"), Dkt. No. 126 at 23–30.) In support of its application for the search warrant, the Government presented the affidavit of Federal Bureau of Investigation ("FBI") Special Agent Shannon McDaniel, which detailed facts offered in support of a probable cause determination along with a list of items to be seized. (Def.'s Mot. to Quash or for *Franks* Hearing, Ex. 1 ("McDaniel Aff."), Dkt. No. 126 at 1–22.) Now before the Court is Fonseca's motion to quash the search warrant, in which he argues that the affidavit submitted in support of the warrant contained falsehoods, omissions, and misleading information. (Dkt. No. 124.) With his motion, Fonseca seeks an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to contest the veracity of the affidavit.

**I.**

Affidavits supporting warrants are "presumed valid." *United States v. Johnson*, 580 F.3d 666, 670 (7th Cir. 2009). In *Franks*, however, the Supreme Court held that "when a defendant makes a substantial preliminary showing that the police procured a warrant to search his property with deliberate or reckless misrepresentations in the warrant affidavit, and where such statements were necessary to the finding of probable cause, the Fourth Amendment entitles the defendant to an evidentiary hearing to show the warrant was invalid." *United States v. McMurtrey*, 704 F.3d 502, 504 (7th Cir. 2013). A *Franks* hearing is proper only after a defendant makes a substantial preliminary showing that: "(1) the warrant affidavit contained false statements, (2) these false statements were made intentionally or with reckless disregard for the truth, and (3) the false statements were material to the finding of probable cause." *United States v. Mullins*, 803 F.3d 858, 861–862 (7th Cir. 2015). "This rule applies to omissions as well as affirmative misrepresentations." *United States v. Hancock*, 844 F.3d 702, 708 (7th Cir. 2016). Because "[t]hese elements are hard to prove . . . *Franks* hearings are rarely held." *United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001) (internal quotation marks omitted).

The search warrant affidavit for Fonseca's residence contained allegations concerning: the transmission of child pornography via IP addresses linked to Fonseca and his residence, the victims' statements to law enforcement, and background information regarding child pornography and modern technology. Fonseca identifies twelve grounds for a *Franks* hearing:

1. Paragraph 21 of the affidavit states that Snapchat user daveyboysmith03 sent images depicting a "teenaged girl" to whom it refers as Victim B. According to Fonseca, this description is misleading because Victim B's age was unknown to law enforcement when the affidavit was prepared.

2. Paragraph 26 alleges that daveyboysmith03 accessed Snapchat from discrete IP addresses on August 31, 2018, September 2, 2018, September 5, 2018, December 3, 2018, and April 15, 2019. Additionally, paragraph 27 states that these IP addresses are associated with Fonseca and his residence. According to Fonseca, the affidavit omits the IP addresses' full numerical sequences. He further asserts that the relevant subpoena does not associate him or his residence with the IP addresses used on either August 31 or September 2.

3. Together, paragraphs 18 and 24 allege that daveyboysmith03 sent images of Victim A to Victim A's sister on August 27, 2018, using an IP address associated with Fonseca and his residence. Fonseca admits that a subpoena links this IP address with Fonseca and his residence, insofar as it states a date range that includes August 27. However, Fonseca argues that the affidavit omits a separate subpoena that did not reveal any subscriber information for August 27.

4. In paragraph 5, Agent McDaniel states that "[b]ased on [her] training and experience, and publicly available information, Omegle is an online platform that allows users to chat with other users anonymously and at random." (McDaniel Aff. ¶ 5.) Fonseca observes that, in a subsequent FBI report, a different agent states that they reviewed Omegle to verify how user matches are made. According to Fonseca, the need for review indicates that Agent McDaniel was unfamiliar with Omegle at the time of her attestation.

5. Paragraph 11 states that James Gillard and Victim A arranged to communicate through Omegle's video chat function. Noting that Agent McDaniel describes Omegle as a platform that connects users at random, Fonseca asserts that the statement in paragraph 11 is false.

6. Paragraphs 9 through 17 detail Victim A's communications with law enforcement. According to Fonseca, the affidavit omits that Victim A deleted relevant messages and images from her phone before contacting law enforcement.

7. Paragraph 15 states that Victim A realized James Gillard could follow through on his threats to distribute images of her when she learned that he had contacted her sister. Fonseca argues that this statement is misleading because Victim A's sister told law enforcement that someone named David Smith contacted her—not James Gillard.

8.      Paragraph 19 describes two photographs showing a girl's midriff but not her face, adding that agents confirmed that these photographs depict Victim A. According to Fonseca, the agents could not conclude that the photographs depict Victim A because neither photograph displayed her face or other identifying features.

9.      Paragraph 21 states that daveyboysmith03 sent images depicting a teenaged girl in her underwear to another Snapchat user. It also details a subsequent exchange in which daveyboysmith03 describes Victim B in derisive terms. Fonseca asserts that the images detailed in paragraph 21 do not amount to child pornography. He adds that the exchange is not itself illegal and thus its inclusion in the affidavit is extraneous.

10.     Paragraph 29 states that the U.S. Postal Service informed Agent McDaniel that mail was delivered to the "Subject Subscriber" (Fonseca) at the "Subject Premises" (Fonseca's residence). According to Fonseca, the affidavit omits that mail was also delivered to another individual who lived at the same address.

11.     Throughout, the affidavit uses the term "Subject Subscriber" to denote the individual associated with the IP addresses at issue. Fonseca argues that by omitting the specific name stated in the subpoena, Agent McDaniel prevented the Magistrate Judge from comparing the actual name listed in the subpoena with other names included in the investigation, such as James Gillard.

12.     Lastly, paragraphs 32 through 36 provide background information concerning child pornography and modern technology. According to Fonseca, this information is overly general and irrelevant to a finding of probable cause.

Fonseca contends that all twelve purported errors are material and, when viewed cumulatively, evince reckless disregard for the truth. However, even if all twelve alleged deficiencies constitute false statements or omissions made with reckless disregard for the truth, the uncontested information in the affidavit would still be sufficient to support a finding of probable cause. Specifically, Fonseca does not challenge that on August 27, 2018, Snapchat user daveyboysmith03 sent an explicit video and several explicit images depicting Victim A, a minor, while using an IP address that a subpoena associated with Fonseca and his residence. Probable cause for a search warrant "exists if there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Woodfork*, 999 F.3d 511, 561 (7th Cir. 2021) (citation omitted). Given that the search warrant here sought evidence of child pornography located at Fonseca's residence, the Court concludes that the uncontested allegations regarding the August 27, 2018 transmission alone are sufficient for a finding of probable cause. Accordingly, Fonseca has failed to make the showing required for a *Franks* hearing.

**II.**

Fonseca also contends that the nine-month-old information offered in the search warrant application was too stale to support a finding of probable cause. Submitted on May 29, 2019, the application for the warrant included information related to photographs of Victim A that were transmitted on August 30, 2018.

A warrant that relies on stale evidence may lack probable cause. *E.g.*, *United States v. Prideaux-Wentz*, 543 F.3d 954, 959 (7th Cir. 2008) (holding that "the evidence relied on to obtain the warrant here was stale, and the warrant lacked probable cause"). However, "the staleness argument takes on a different meaning in the context of child pornography because of the fact that collectors and distributors rarely, if ever, dispose of their collections." *Id.* at 958. Indeed, the Seventh Circuit "ha[s] recognized that evidence contained in computer equipment does not rapidly dissipate or degrade, that child-pornography collections tend to be kept for long periods of time, and that digital information is often retrievable from hard drives even after a user 'deletes' it." *United States v. Rees*, 957 F.3d 761, 770 (7th Cir. 2020). Although relevant precedent "do[es] not establish bright line time limits after which information concerning the possession of child pornography becomes too stale to support a finding of probable cause," *United States v. Carroll*, 750 F.3d 700, 705 (7th Cir. 2014), "information regarding digital child-pornography files may stave off staleness for years," *Rees*, 957 F.3d at 770.

Relying on an out-of-circuit opinion and nothing more, Fonseca asserts that the nine-month-old information cited in the affidavit is stale as a matter of law. But, acknowledging "the behavior of child pornography collectors and of modern technology," *Carroll*, 750 F.3d at 704, the Seventh Circuit has explained that "[i]nformation a year old is not necessarily stale as a matter of law, especially where child pornography is concerned," *United States v. Newsom*, 402 F.3d 780, 783 (7th Cir. 2005). Here, in her affidavit, Agent McDaniel attests that Fonseca saved digital photographs of Victim A, as evinced by the subsequent transmission of those images to Victim A's sister on August 30, 2018. (McDaniel Aff. ¶ 19.) Agent McDaniel also attests that, based on her knowledge and experience, individuals who possess child pornography "rarely, if ever, dispose of their sexually explicit materials," adding that "[t]hese individuals almost always maintain their collection in the privacy and security of their homes." (*Id.* ¶ 36.) Considered alongside the other supporting allegations—including various IP addresses associated with Fonseca, his residence, and the transmission of child pornography—the information related to the August 30, 2018 transmission is sufficient to establish probable cause even though the search did not occur until nine months later. *See Carroll*, 750 F.3d at 707 (holding that five-year old "information in the warrant affidavit was not stale because it remained reasonable to expect that images of child pornography would be present on defendant's computer or other digital storage devices or, if deleted, that the images could be recoverable"); *Newsom*, 402 F.3d at 783 (holding that one-year-old information related to child pornography was not stale.). Accordingly, the Court finds that the information cited in support of the search warrant is not stale. Fonseca's motion to quash the warrant on that basis is denied.

**III.**

For the foregoing reasons, Fonseca's motion to quash warrant and for a *Franks* hearing (Dkt. No. 124) is denied.

Dated: June 6, 2024

                                                          _____

                                                          Andrea R. Wood
                                                          United States District Judge